J-S38038-19, J-S38039-19 & J-S38040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BILLY JAISON, | : | |
| Appellant | : | No. 1605 EDA 2018 |

Appeal from the Judgment of Sentence August 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007540-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BILLY JAISON, | : | |
| Appellant | : | No. 1606 EDA 2018 |

Appeal from the Judgment of Sentence August 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007541-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BILLY JAISON, | : | |
| Appellant | : | No. 1607 EDA 2018 |

Appeal from the Judgment of Sentence August 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007545-2016

BEFORE: OTT, J., DUBOW, J., and COLINS*, J.

_____

\* Retired Senior Judge assigned to the Superior Court.

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 17, 2019**

Appellant, Billy Jaison, appeals from the judgments of sentence for his convictions, following a bench trial, of forgery–altered writing, conspiracy, identity theft, access device fraud, and theft by unlawful taking of movable property.[1] Appellant challenges the aggregate punishment imposed of 2½ to 5 years of imprisonment followed by 45 years of probation. We affirm.

On March 9, 2016, Appellant was charged at CP-51-CR-0007540-2016 (No. 7540-2016), CP-51-CR-0007541-2016 (No. 7541-2016), and CP-51-CR-0007545-2016 (No. 7545-2016) relating to three incidents during November and December 2015 in which Appellant allegedly surreptitiously took personal property in the form of a wallet or cash from another person on a Southeastern Pennsylvania Transit Authority (SEPTA) bus. On August 15, 2016, the Commonwealth filed a notice pursuant to Rule of Criminal Procedure 582 stating its intention to try each of the three matters in a joint trial. Appellant waived his right to trial by jury, and a non-jury trial was conducted on May 17, 2017.

At trial, Diane Dobkin testified that she boarded a crowded No. 42 SEPTA bus on November 24, 2015 in Center City Philadelphia. N.T., 5/17/17, at 8. Appellant was jostled during the ride, and, when she exited the bus near a hospital in West Philadelphia, she noticed that her wallet containing various credit and bank cards was missing from her purse. *Id.* at 9-10. Ms. Dobkin

---

[1] 18 Pa.C.S. §§ 4101(a)(1), 903, 4120(a), 4106(a)(1), and 3921(a), respectively.

was later informed that her Macy's credit card was subsequently used and that her debit card had been used at a 7-Eleven store. *Id.* at 13-15.

Edward Patrick O'Hara testified that on December 3, 2015 he withdrew $600 from a bank near Frankford Avenue in Philadelphia and placed the money in his front right pant pocket along with $100 that he already had on him. *Id.* at 17-18. Mr. O'Hara then boarded a No. 3 SEPTA bus; as he was stepping into the bus, he felt a tug on his pant pocket, and when he checked his pocket a few seconds later, he discovered that all of the money in his pocket was gone. *Id.* at 18-21.

Leah Zindel testified that on December 26, 2015 she boarded a No. 17 SEPTA bus in Center City Philadelphia and that she was jostled and bumped during the ride by several men. *Id.* at 24-26. Within a few blocks, Ms. Zindel realized that her wallet was gone. *Id.* at 27. Ms. Zindel was subsequently informed that her credit card was used later that day at the Macy's in Center City Philadelphia. *Id.* at 28, 31-33.

Detective Jason Connor of SEPTA Transit Police testified at the trial. Detective Connor stated that he took statements from Ms. Dobkin, Mr. O'Hara, and Ms. Zindel. *Id.* at 54, 64-65, 75-76. Detective Connor reviewed video from the No. 3 bus that Mr. O'Hara boarded on December 3, 2015 and the No. 17 bus that Ms. Zindel boarded on December 26, 2015; in addition, Detective Connor obtained receipts and videos from a 7-Eleven store on November 24, 2015 and Macy's Center City Department Store on December 26, 2015, corresponding to the dates and times of the unauthorized use of Ms. Dobkin's

debit card and Ms. Zindel's credit card. *Id.* at 55, 65, 76. Through his review of these videos, Detective Connor was able to identify Appellant as being on the same bus as Mr. O'Hara and Ms. Zindel and in close proximity to their persons. *Id.* at 65-69, 78-82. Detective Connor further observed Appellant as the individual who engaged in the unauthorized use of Ms. Dobkin's debit card at 7-Eleven and Ms. Zindel's credit card at Macy's. *Id.* at 55-59, 70, 87, 97-103. In addition, Detective Connor personally observed Appellant at SEPTA's Jefferson Station on December 26, 2015 while conducting a pick-pocketing investigation; through his later review of surveillance video, Detective Connor determined that Appellant was wearing the same clothing and with the same individual as when he was on the bus with Ms. Zindel and using her credit card at Macy's. *Id.* at 87-93. Based on his observations and investigation, Detective Connor obtained a search warrant of Appellant's home; through that search he collected several distinctive articles of clothing and apparel that Appellant was seen wearing in that video. *Id.* at 105-08.

Pennsylvania State Parole Officer John Hampton testified that he had met with Appellant approximately twice per month during the course of the prior two years. *Id.* at 39-40. Mr. Hampton stated that Detective Connor asked him to review the five surveillance videos that had been obtained in this case; Mr. Hampton was able to identify Appellant in each of these videos based on his body language, facial appearance, distinctive articles of clothing, and a bag that Appellant carried during each visit. *Id.* at 40-48.

At the conclusion of trial, the trial court found Appellant guilty of the above stated offenses.[2]  On August 3, 2017, the trial court sentenced Appellant to 2½ to 5 years of imprisonment on the forgery–altered writing charge at docket number No. 7540-2016 and consecutive 5 year terms of probation on the remaining nine charges in the three cases for an aggregate probationary term of 45 years.

On August 7, 2017, Appellant filed timely motions for reconsideration of the sentence at each docket number.  The trial court denied the motion at No. 7540-2016 on October 6, 2017, but Appellant failed to file a timely notice of appeal from this order.  Appellant filed a PCRA petition on November 15, 2017 at No. 7540-2016 requesting that he be permitted to file a notice of appeal in this case *nunc pro tunc*.  The PCRA petition also noted that the motions for reconsideration of the sentences at No. 7541-2016 and No. 7545-2016 remained outstanding.  On November 16, 2017, the trial court entered orders denying the motions for reconsideration at No. 7541-2016 and No. 7545-2016.  Appellant again failed to file a timely notice of appeal as to either of these orders, and instead filed PCRA petitions on April 3, 2018 seeking the

---

[2] Appellant was convicted of forgery–altered writing, conspiracy, identity theft, access device fraud, and theft by unlawful taking of movable property at No. 7540-2016; theft by unlawful taking of movable property at No. 7541-2016; and forgery–altered writing, identity theft, access device fraud, and theft by unlawful taking of movable property at No. 7545-2016.  The trial court found Appellant not guilty of a count of receipt of stolen property, 18 Pa.C.S. § 3925(a), at each docket number and an additional conspiracy count at No. 7541-2016.

reinstatement of his appellate rights.  On May 24, 2018, the PCRA court reinstated Appellant's direct appeal rights at each of the three docket numbers.  On May 29, 2018, Appellant filed notices of appeal as to each case.[3]

Appellant raises the following issue on appeal:

> Whether the trial court abused its discretion when the court failed to provided adequate reasons on the record for the sentence and failed to consider all of the relevant factors.

Appellant's Brief, No. 1605 EDA 2018, at 9; Appellant's Brief, No. 1606 EDA 2018, at 8; Appellant's Brief, No. 1607 EDA 2018, at 9 (extraneous capitalization omitted).  Specifically, Appellant contends that the trial court failed to adhere to the requirements of Section 9721 of the Sentencing Code that it make "a statement of the reason or reasons for the sentence imposed" on the record at the sentencing hearing addressing the general sentencing factors of "the protection of the public, the gravity of the offense as it relates

_____

[3] On August 2, 2018, the trial court entered an order at No. 7540-2016 directing Appellant to file a concise statement of matters complained of on appeal within 21 days pursuant to Rule of Appellate Procedure 1925(b). Appellant did not file a Rule 1925(b) statement.  No Rule 1925(b) order was issued at either of the two docket numbers.  The trial court issued its opinion on December 12, 2018.  In the opinion, the trial court stated that the matters should be remanded for appointment of new appellate counsel because Appellant's counsel, who represented him throughout the trial and continues to represent him in this appeal, failed to file timely notices of appeal as requested by his client and failed to respond to the trial court's Rule 1925(b) order.  Trial Court Opinion, 12/12/18, at 7-8.  On January 17, 2019, Appellant filed an application in each of the three appellate matters seeking remand so that he could file Rule 1925(b) statements.  This Court entered orders remanding the matters, and Appellant then filed his Rule 1925(b) statements on February 25, 2019.  On February 27, 2019, the trial court issued a supplemental opinion in which it stated that it was relying on the reasoning stated in its prior opinion.

to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Furthermore, citing **Commonwealth v. Parlante**, 823 A.2d 927 (Pa. Super. 2003), Appellant argues that the trial court failed to consider his age, his employment, education, and family histories, and the nature of the crimes he committed and that there is no indication in the record that the trial court considered a pre-sentence report.

A challenge to the discretionary aspect of a sentence is not appealable as of right. **Commonwealth v. Akhmedov**, \_\_\_ A.3d \_\_\_, 2019 PA Super 232, *31 (filed July 29, 2019).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code

**Id.** (citation omitted). A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **Id.** at *32.

While Appellant included Rule 2119(f) statements in his appellate briefs and raised a substantial question for our review,[4] Appellant failed to preserve this issue by raising it before the trial judge therefore precluding our review of his appellate issue. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975-76 (Pa. Super. 2019) (citation omitted); *see also Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (discretionary sentencing challenge must be presented to trial court at sentencing or in post-sentence motion to be preserved). An appellant cannot cure the waiver of an issue by including the challenge to the discretionary aspects of a sentence in his Rule of Appellate Procedure 1925(b) concise statement. *Padilla-Vargas*, 204 A.3d at 976.

Appellant did not object to his sentence at the sentencing hearing. While Appellant filed a post-sentence motion for reconsideration of the sentence, the sole ground that he asserted is that his "sentence is manifestly excessive as grossly disproportionate to his crimes" and he did not assert the trial court failed to state the reasons for his sentence on the record or that the trial court failed to consider the relevant sentencing factors. Post-Sentence Motion, No. 7540-2016, ¶3; Post-Sentence Motion, No. 7541-2016, ¶3; Post-Sentence

---

[4] *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (claim that sentencing court failed to consider factors set forth in Section 9721(b) presents a substantial question).

Motion, No. 7545-2016, ¶3. Accordingly, because Appellant failed to raise the issue he presents in this current appeal to the trial court either at the sentencing hearing or in a post-sentence motion, this appellate issue is waived. ***Padilla-Vargas***, 204 A.3d at 975-76; ***Tejada***, 107 A.3d at 799. Furthermore, Appellant has not argued on appeal that his sentence was manifestly excessive or grossly disproportionate to his crimes – the issue raised in his post-sentence motion – and therefore this issue is also waived. ***Commonwealth v. Gould***, 187 A.3d 927, 934 n.7 (Pa. Super. 2018).

> Even if this issue had been preserved, we would find it meritless.
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Conte***, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted). Contrary to Appellant's claim in his brief, the trial court stated its reasons for the sentence imposed at the sentencing hearing, addressing each

of the Section 9721 sentencing factors of protection of the public,[5] gravity of the offense,[6] and rehabilitative needs of the defendant.[7]

Furthermore, this case is distinguishable from **Parlante**. In that case, the 21-year old defendant was initially convicted of forgery and then repeatedly violated probation, including for arrests related to drug possession and underage drinking and four technical violations. 823 A.2d at 928. On her sixth violation, the trial court sentenced the defendant to an aggregate four to eight year term of imprisonment. **Id.** This Court found that the trial court abused its discretion because it did not consider all relevant factors, including the defendant's age, family history, rehabilitative needs, her pre-sentence investigative report (PSI), and the fact that all convictions and arrests were for non-violent crimes. **Id.** at 930.

In the instant matter, by contrast, the record reflects that the trial court ordered a PSI, and Appellant acknowledged in his post-sentence motion that

---

[5] N.T., 8/3/17, at 13-14 ("I think that really the only hope for the citizens is to keep you off the street for quite a while. . . . So you're going to get a hit from this one and after you do this again you'll get [an]other hit, and frankly we won't have to watch for you every time you get on a bus or walk down the street.").

[6] N.T., 8/3/17, at 14 ("I don't usually go along with the Commonwealth recommendation, they tend to be a little heavy-handed, but I really don't think there's much of anything positive I can gain from looking at your record and your continued conduct.").

[7] N.T., 8/3/17, at 13 ("I don't think I've ever seen a guy with so many arrests and convictions. You got at least one adult arrest for every year of your life. You've got a dozen probation violations, so getting another hit from a back judge doesn't seem to stop you.").

the trial court's sentencing of him was accomplished with the benefit of the report. Post-Sentence Motion, No. 7540-2016, ¶2; Post-Sentence Motion, No. 7541-2016, ¶2; Post-Sentence Motion, No. 7545-2016, ¶2. "Where the sentencing court had the benefit of reviewing a PSI, we must presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Knox**, 165 A.3d 925, 930 (Pa. Super. 2017) (citation omitted). The trial court recognized Appellant's age at the time of sentence, 55, and that he had an unceasing record of 55 contacts with the criminal justice system spanning his adult life, a dozen probation violations, and 30 convictions for various property offenses, including robbery. N.T., 8/3/17, at 6, 13. The record thus reflects that the trial court was cognizant of the Appellant's ample criminal record and background and provided sufficient reasons for the sentence imposed.

Based on the foregoing, Appellant is not entitled to relief.

Judgments of sentence affirmed.

Judge Ott joins the Memorandum.

Judge Dubow Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/19

- 11 -