J. S06036/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FRANK JOHNSON, | : | No. 1932 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 11, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0008752-2016

BEFORE: LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 24, 2020**

Frank Johnson appeals from the May 11, 2017 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his non-jury conviction of aggravated assault, simple assault, recklessly endangering another person ("REAP"), and possessing instruments of crime.[1] After careful review, we affirm.

The trial court provided the following factual and procedural history:

> On June 9, 2016, sometime after 9:00 p.m., Philadelphia Police Officers [Brian] Egrie and Durkin[2] were on routine patrol driving up 7th Street in the direction of Cantrell Street when they observed appellant and another man named Stanley Sabalauskas, the complainant herein, fighting in the street. The complainant testified that the affray

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 2705, and 907(a), respectively.

[2] Officer Durkin's first name does not appear in the record.

started when appellant hit him with a cane as he was speaking to another man. The complainant then tried to grab the cane from appellant but he pushed the complainant to the ground, got on top of him, and then began striking him several times with the metal cane.

The officers ordered appellant to stop but he ignored their orders and even continued to strike the complainant with the cane even after one of the officers drew his service revolver. He finally stopped when the officers pulled him off the complainant. The complainant suffered injuries to his face and head.

Trial court opinion, 7/17/19 at 2.

[Appellant] was convicted on March 9, 2017, following a waiver trial before [the trial c]ourt[] of aggravated assault, graded as a felony of the second degree, simple assault, [REAP], and possessing instruments of crime, generally. Sentencing occurred, as noted above, on May 11, 2017, on which date [the trial c]ourt imposed an aggregate sentence of four to eight years' incarceration followed by a term of probation of five years on appellant. Appellant thereafter filed a post-sentence motion which was denied by operation of law on September 14, 2017. Appellant did not thereafter file a notice of appeal.

On December 1, 2017, appellant filed a *pro se* petition pursuant to the Post-Conviction [R]elief Act (hereinafter PCRA). 42 Pa.C.S.[A.] §§ 9541 *et seq.* Counsel was appointed to represent him and after counsel filed an amended petition, [the PCRA c]ourt, on June 25, 2019, issued an order granting appellant the right to file a notice of appeal *nunc pro tunc* from the judgment of sentence. Appellant filed said notice and subsequent thereto, pursuant to an order issued by [the trial c]ourt, a Pa.R.A.P. 1925(b) Statement of [Errors] Complained of on [A]ppeal.

*Id.* at 1-2. The trial court subsequently filed an opinion pursuant to

Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Whether [appellant] was denied fairness in the sentencing hearing where, as here, the [C]ommonwealth interjected inflammatory and prejudicial evidence, without proof, that [appellant] had intimidated the complainant/witness during the pendency of this matter and that witnesses testified to seeing a trail of blood on the walls, street, and dumpsters[?]

Appellant's brief at v (full capitalization omitted).

Although appellant frames his issue as one based on prosecutorial misconduct, he challenges the discretionary aspects of his sentence. Indeed, appellant complains that at his sentencing hearing, the Commonwealth introduced evidence not of the record in order to "prejudice the [trial] court against [appellant] and to obtain a lengthy sentence in excess of that requested by appellant." (Appellant's brief at 6.)

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015), quoting *Commonwealth v. Hoch*, 936 A.2d 515, 517-518 (Pa.Super. 2007) (citation omitted).

> Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v.*

> ***Leatherby***, 116 A.3d 73, 83 (Pa.Super. 2015).
> Rather, an appellant challenging the sentencing
> court's discretion must invoke this Court's jurisdiction
> by (1) filing a timely notice of appeal; (2) properly
> preserving the issue at sentencing or in a motion to
> reconsider and modify the sentence; (3) complying
> with Pa.R.A.P. 2119(f), which requires a separate
> section of the brief setting forth "a concise statement
> of the reasons relied upon for allowance of appeal with
> respect to the discretionary aspects of a sentence[;]"
> and (4) presenting a substantial question that the
> sentence appealed from is not appropriate under the
> Sentencing Code.  ***Id.*** (citation omitted).

***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 975 (Pa.Super. 2019).

Here, appellant filed a timely notice of appeal and filed a post-sentence motion in which he alleged that the trial court imposed an excessive sentence. (***See*** appellant's post-sentence motion, 5/17/17 at unnumbered page 2.) Appellant failed to include a Rule 2119(f) statement in his brief; however, because the Commonwealth did not object to this omission, we may nonetheless review appellant's claim.  ***Commonwealth v. Gould***, 912 A.2d 869, 872 (Pa.Super. 2006), citing ***Commonwealth v. Bonds***, 890 A.2d 414, 418 (Pa.Super. 2005), ***appeal denied***, 906 A.2d 537 (Pa. 2006).

We must now determine whether appellant has raised a substantial question.

> "The determination of what constitutes a substantial
> question must be evaluated on a case-by-case basis."
> ***Commonwealth v. Prisk***, 13 A.3d 526, 533
> (Pa.Super. 2011).  Further:
>
> > A substantial question exists only when
> > the appellant advances a colorable
> > argument that the sentencing judge's

> actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

*Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa.Super. 2015). This court has concluded that a sentence which is the product of prejudice, bias, or ill will constitutes a substantial question because such a sentence is "necessarily contrary to the fundamental norms of sentencing." *Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa.Super. 2016).

Here, appellant alleges that the prosecutor made statements during the sentencing hearing "to prejudice the [trial] court against [appellant] and to obtain a lengthy sentence in excess of that requested by [appellant]."[3] (Appellants brief at 6.) Nowhere in appellant's five-sentence argument does he allege—let alone demonstrate—that the trial court exercised its sentencing

---

[3] Appellant requested a term of incarceration of 11½ to 23 months. (Notes of testimony, 5/11/17 at 5.) The standard range in the sentencing guidelines for aggravated assault with an offense gravity score of 8 and appellant's status as a repeat felony offender is 40-52 months' imprisonment. 204 Pa.Code § 303.16 (repealed January 1, 2018).

discretion for reasons of prejudice, bias, or ill will.  Consequently, appellant fails to raise a substantial question.[4]

Judgment of sentence affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary


Date: 3/24/2020

---

[4] Notwithstanding this failure, we note that the trial court stated at the sentencing hearing that it did not factor in the statements at issue from the Commonwealth's argument when crafting appellant's sentence; rather, the trial court placed emphasis on photographic evidence that was admitted at trial.  (Notes of testimony, 5/11/17 at 10; trial court opinion, 7/17/19 at 3.) Moreover, the record reflects that the trial court imposed a sentence within the standard guideline range.  **See** 204 Pa.Code § 303.16 (repealed January 1, 2018).