J-S15034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                            : PENNSYLVANIA
                                                            :
                 v.                                :
                                                            :
                                                            :
CHEALSE CARSON                            :
                                                            :
                Appellant             : No. 1014 MDA 2022

Appeal from the Judgment of Sentence Entered February 15, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002283-2020

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:               **FILED: AUGUST 1, 2023**

Chealse Carson ("Carson") appeals from the judgment of sentence imposed following her conviction for, *inter alia*, aggravated assault.[1]  We affirm.

The relevant factual and procedural history of this case is as follows.  A jury convicted Carson of, among other things, aggravated assault, arising from an incident in which she stabbed her brother with a knife.  ***See*** Trial Court Opinion, 9/15/22, unnumbered at *1.  Following Carson's convictions, the trial court ordered a pre-sentence investigation and deferred sentencing. ***See*** N.T., 10/27/21, at 178.  At the sentencing hearing, the trial court imposed a standard-range sentence of sixteen to thirty-two months of imprisonment

---

[1] ***See*** 18 Pa.C.S.A. § 2702(a)(4).

for the aggravated assault conviction.  ***See*** N.T., 2/15/22, at 8.[2]  Carson filed

a counseled post-sentence motion, ***see*** Post-Sentence Motion, 2/23/22, and,

following her first attorney's withdrawal, a *pro se* post-sentence motion.  ***See***

Motion to Withdraw, 3/31/22; ***see also*** Order, 4/1/22 (granting Carson's first

attorney's motion to withdraw); *Pro Se* Post-Sentence Motion, 6/2/22.  The

trial court denied relief, ***see*** Order, 6/17/22, and Carson timely appealed.[3]

Both Carson and the trial court complied with Pa.R.A.P. 1925.[4]

Carson raises the following issue for our review:

> Whether the trial court abused its discretion in sentencing [Carson]?

Carson's Brief at 1.

Our standard of review for challenges to the discretionary aspects of

sentencing is well-settled: "[S]entencing is vested in the discretion of the trial

---

[2] Carson additionally received one year of concurrent probation and a $100 fine for related convictions.  ***See*** N.T., 2/15/22, at 8-9.  These sentences are not at issue in this appeal.

[3] Carson's notice of appeal is time-stamped July 18, 2022.  July 17, 2022 fell on a Sunday; accordingly, her July 18, 2022 notice of appeal is timely.  ***See*** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken); ***see also*** Pa.R.Crim.P. 720(A)(2)(a) (requiring a defendant file her notice of appeal within thirty days of the entry of the order deciding her post-sentence motion); 1 Pa.C.S.A. § 1908 (excluding weekends from time computations).

[4] The trial court appointed Carson's present counsel on August 3, 2022, following this Court's July 27, 2022 order directing the trial court to determine Carson's eligibility for court-appointed counsel.  ***See*** Order, 8/3/22.  Carson's second attorney filed her Rule 1925(b) statement.  ***See*** Rule 1925(b) Statement, 8/9/22.

court, and will not be disturbed absent a manifest abuse of that discretion[, which] involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will.  It is more than just an error in judgment." *Commonwealth v. Brown*, 249 A.3d 1206, 1211 (Pa. Super. 2021).

Further, this Court has explained that challenges to the discretionary aspects of sentencing are not appealable as of right, but, rather,

> an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975 (Pa. Super. 2019) (citation omitted; brackets in original); *see also* 42 Pa.C.S.A. § 9781(b).

Regarding the requirement that an appellant raise a "substantial question," this Court has explained:

> A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process.

*Brown*, 249 A.3d at 1211 (internal citation omitted).  "The determination of whether a particular issue raises a substantial question is to be evaluated on

a case-by-case basis." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004).

This Court will not look beyond the Rule 2119(f) statement in determining whether an appellant has presented a substantial question, and bald assertions of sentencing errors do not suffice. **See Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018); **see also Commonwealth v. Barnes**, 167 A.3d 110, 123 (Pa. Super. 2017). We are unable to discern a substantial question where a Rule 2119(f) statement consists only of boilerplate language of sentencing requirements without applying those principles to the challenged sentence. **See Commonwealth v. Gibbs**, 981 A.2d 274, 283 (Pa. Super. 2009); **see also Radecki**, 180 A.3d at 468 (stating that "[i]t is settled that this Court does not accept bald assertions of sentencing errors") (internal quotations, citations, and brackets omitted).

Before addressing the merits of Carson's issues, we must discern whether she has preserved her challenge to the discretionary aspects of her sentence and properly invoked this Court's jurisdiction. We note that Carson's Rule 2119(f) statement consists of the following: "The trial court in refusing to consider all sections of the Sentencing Code is a substantial question requiring discretionary review. 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f)." Carson's Brief at 3. Because Carson's Rule 2119(f) statement contains only boilerplate statutory citations, we conclude she has failed to raise a substantial question regarding the discretionary aspects of her sentence. **See Gibbs**, 981

- 4 -

A.2d at 283; *see also Radecki*, 180 A.3d at 468.[5]  Accordingly, we affirm her judgment of sentence.

Judgment of sentence affirmed.

_____

[5] The Commonwealth correctly argues Carson has failed to present a substantial question for the same reason.  *See* Commonwealth's Brief at 10. We further note that, even if Carson had raised a substantial question, her counseled Rule 1925(b) statement mirrors her Rule 2119(f) statement, and thus it is so vague that Carson would have waived her issue on this basis. *See* Rule 1925(b) Statement, 8/9/22; *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (providing that "if a concise statement is too vague, th[is C]ourt may find waiver"); Trial Court Opinion, 9/15/22, unnumbered at *2 (concluding, "Because [Carson's] concise statement fails to identify the issue she wishes to raise with sufficient specificity, meaningful review has been impaired and the issue is waived"); Commonwealth's Brief at 10 (arguing for waiver based on a deficient Rule 1925(b) statement).

Lastly, we observe that the issue Carson ostensibly seeks to have reviewed is her assertion that the trial court imposed its sentence to punish her for taking her case to trial.  *See* Carson's Brief at 9.  However, Carson failed to preserve this issue at sentencing or in either of her post-sentence motions, and has thereby waived the issue on these grounds as well.  *See generally* N.T., 2/15/22, at 8-10 (trial court imposing sentence without objection); Post-Sentence Motion, 2/23/22 (moving for a sentence modification without specifying any particular basis); *Pro Se* Post-Sentence Motion, 6/2/22 (requesting a sentence modification for several reasons, but not asserting that the trial court punished her for exercising her right to a trial); Commonwealth's Brief at 10 (arguing that Carson failed to preserve her issue below); *Padilla-Vargas*, 204 A.3d at 975 (requiring that an appellant preserve her challenge to the discretionary aspects of sentencing at the sentencing hearing or in a post-sentence motion).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/01/2023</u>