J-S43016-18

2019 PA Super 52

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH PADILLA-VARGAS, :
:
Appellant : No. 1626 WDA 2017

Appeal from the Judgment of Sentence September 29, 2017
In the Court of Common Pleas of Venango County
Criminal Division at No.: CP-61-CR-0000751-2016

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

OPINION BY DUBOW, J.:                    **FILED FEBRUARY 22, 2019**

Appellant, Joseph Padilla-Vargas, appeals from the Judgment of
Sentence entered by the Venango County Court of Common Pleas after his
convictions following a bench trial of Cruelty to Animals[1] and related offenses.
Appellant challenges the sufficiency of the evidence and the discretionary
aspects of his sentence. We affirm.

The trial court set forth the underlying facts as follows. In February
2016, Appellant acquired a ten-week-old pit bull he named Rocky. At the
time, Appellant rented a home at 627 12th Street in Franklin, Pennsylvania,
and Rocky lived with Appellant in this home. When Appellant would leave the
home, he would confine Rocky in the second-floor bathroom with food and
water.

---

[1] 18 Pa.C.S. § 5511(a)(2.1)(i)(a).

In March 2016, Appellant moved to Meadville, Pennsylvania, leaving Rocky behind, locked in the home's bathroom with a single bowl of food. Rocky eventually died from starvation. In August 2016, Appellant returned to the home, discovered Rocky's corpse, and left it in the apartment bathroom.

After Appellant abandoned Rocky, Appellant lied to friends and others about Rocky's well-being. For instance, Appellant told Ashley Hale, the mother of one of his children, that Rocky had been "put down" after he gave Rocky to his friend's brother and Rocky subsequently bit a child. Later, he informed his friend Brandy Dunlap, who had helped Appellant care for Rocky in the past, that Rocky was alive and doing well, and showed her a picture of a different pit bull that he misrepresented as Rocky.

In October 2016, after Appellant's lease had ended, the property owners discovered Rocky's corpse and contacted the police. Franklin Police Officer Bradley Barnhill spoke with Appellant several times in connection with his investigation into Rocky's death. Appellant provided several different stories to Officer Barnhill throughout these interactions. For example, Appellant claimed that: (1) he did not own Rocky; (2) he was not aware there was a dog in his residence; (3) someone else owned Rocky; (4) he had placed a Craigslist advertisement for Rocky, someone had collected Rocky, and the dog found in the bathroom was not actually Rocky; (5) Appellant abandoned Rocky because of a motorcycle accident; and (6) the electricity in his home had been turned off so he abandoned Rocky after he was forced to move in with his

girlfriend, whose residence did not permit pets. **See** Trial Court Opinion, filed 4/28/17, at 1-4.

Appellant proceeded to a bench trial on April 20, 2017. At trial, the Commonwealth presented testimony from Dunlap, Hale, Appellant's property owners, and Officer Barnhill. At trial, Appellant stipulated that he had owned Rocky and that he had abandoned Rocky in the second-story bathroom inside 627 12th Street in Franklin, Pennsylvania from late April 2016 through June 30, 2016.

Appellant also testified at trial and claimed that he "completely forgot" about Rocky. N.T. Trial, 4/20/17, at 71. Appellant denied that he wanted to starve or kill Rocky. Appellant admitted that he lied to police and others, and claimed he did so because he was embarrassed. **Id.**

On April 28, 2017, the trial court entered its verdict in a written Opinion, finding Appellant guilty of two counts of Cruelty to Animals, Owning an Unlicensed Dog, and Abandonment of Animal by Owner.[2] **See** Trial Court Opinion, filed 4/28/17.

On September 29, 2017, the trial court sentenced Appellant to an aggregate term of four months' to twenty-four months' (less one day) incarceration. Appellant did not file a post-sentence motion.

_____

[2] 18 Pa.C.S. § 5511(a)(2.1)(i)(a) (misdemeanor); 18 Pa.C.S. § 5511(c)(1) (summary); 3 P.S. § 459-205(c); and 3 P.S. § 459-601(c), respectively.

On October 26, 2017, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant presents two issues for our review:

[1.] Whether the [t]rial [c]ourt erred as a matter of law or abused its discretion in determining that [Appellant] was guilty of Cruelty to Animals pursuant to 18 Pa.C.S. [§] 5511(a)(2.1)(i)(a), since there was not sufficient evidence that [Appellant] intentionally killed, mutilated, tortured or disfigured the dog[?]

[2.] Whether the [s]entencing [c]ourt erred as a matter of law or abused its discretion when the [s]entencing [c]ourt order[ed] a [s]entence in [the] aggravated range[?]

Appellant's Brief at 5 (reordered).

**Sufficiency of the Evidence**

Appellant first challenges the sufficiency of the evidence supporting his conviction for Cruelty to Animals graded as a first-degree misdemeanor. Appellant's Brief at 11-13. Appellant claims the Commonwealth failed to establish that he had the *mens rea* required for this crime. ***Id.*** at 13.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v.***

_____

[3] The trial court's Rule 1925(a) Opinion directed this Court to its April 28, 2017 Opinion with respect to Appellant's sufficiency claim.

*Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

At the time Appellant committed his crime, the relevant statute provided that a person is guilty of Cruelty to Animals as a first-degree misdemeanor if he "willfully and maliciously" kills, maims, mutilates, tortures, or disfigures a dog. 18 Pa.C.S. § 5511(a)(2.1)(i)(a).[4]

"'Willful' conduct is the same as 'knowing' conduct" under the Crimes Code. *Commonwealth v. Crawford*, 24 A.3d 396, 401 (Pa. Super. 2011) (citing 18 Pa.C.S. § 302(g)). A person acts knowingly with respect to a result element of a criminal offense where "he is aware that it is practically certain that his conduct will cause such a result." 18 Pa.C.S. § 302(b)(2)(ii).

This Court has defined malicious behavior as "conduct that represents a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty." *Crawford*, *supra* at 402 (citations and quotation marks omitted).

_____

[4] This version of the statute was effective September 8, 2015, to August 27, 2017.

"As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Commonwealth v. Matthews*, 870 A.2d 924, 929 (Pa. Super. 2005) (citations omitted). "[I]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Id.*

Here, the trial court concluded that the Commonwealth presented sufficient evidence to support Appellant's conviction for Cruelty to Animals graded as a first-degree misdemeanor. *See* Trial Court Opinion, filed 4/28/17, at 5-8. We agree with the trial court's conclusion.

Our review of the record, in the light most favorable to the Commonwealth as the verdict winner, indicates that the evidence was sufficient to support every element of Cruelty to Animals beyond a reasonable doubt. Appellant stipulated to several key facts at trial, including that he owned Rocky and that he abandoned Rocky in the second-story bathroom inside 627 12th Street in Franklin, Pennsylvania from late April 2016 through June 30, 2016. *See* N.T. Trial, 4/20/17, at 3-5, 17-20.

Based on the trial testimony, it was clear that Appellant abandoned Rocky in the bathroom, knew of his dietary needs having fed him daily for several months, and "failed to return and feed Rocky for a sufficiently long time such that the dog certainly would have died." Trial Court Opinion, filed 4/28/17, at 7. Appellant failed to make any alternative arrangements to feed or to care for Rocky in his absence, despite having done so in the past. Rather

than make appropriate arrangements for the dead animal upon discovering Rocky, Appellant instead decided to lay a towel along the bathroom floor and close the bathroom door, "leaving Rocky to be discovered by his horrified landlords some time thereafter." **_Id._**

Moreover, Appellant provided shifting statements and lies to Officer Barnhill, and Appellant provided statements to friends and others concealing the truth about Rocky's death. Finally, the trial court refused to credit Appellant's incredible claim at trial that he simply "forgot" about Rocky. **_Id._** Appellant is essentially asking this court to view the evidence in the light most favorable to him, rather than the Commonwealth as the verdict winner, which is contrary to our standard of review.

Accordingly, viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth presented sufficient evidence to support Appellant's conviction. Appellant's sufficiency challenge, thus, fails.

**Discretionary Aspects of Sentence**

Appellant raises a challenge to the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. **_Commonwealth v. Leatherby_**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the

sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.* (citation omitted).

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). *See also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question waived for failing to raise it at sentencing or in post-sentence motion); *Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (observing the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion).

Here, Appellant did not preserve this issue in a post-sentence motion or at sentencing, and it is, thus, waived. Appellant cannot cure this waiver by including the challenge to the discretionary aspects of sentencing in his Rule 1925(b) statement. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). Appellant has, thus, waived his challenge to the discretionary aspects of his sentence.

In light of the foregoing, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2019