J-S44019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL ANTHONY BAIDEME | : | |
| | : | |
| Appellant | : | No. 43 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 5, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000549-2018

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED NOVEMBER 26, 2019**

Darryl Anthony Baideme appeals from the judgment of sentence imposed following his open guilty plea for home improvement fraud.[1] He challenges his sentence as excessive, and contrary to the goals of the Sentencing Code. We affirm.

Baideme pled guilty in October 2018, to the following facts:

[I]t's alleged that on or about December 8th, 2015 through April 1st of 2016 in Erie County, Pennsylvania, you did receive any [sic] advance payment for performing home improvement services or providing home improvement materials and failed to perform or provide such services or materials when specified in the contract.

To wit, you presented yourself as a contractor to the victims, Tina and Jeff Merritt, M-E-R-R-I-T-T, and retained deposits totaling $10,900.00, more or less, without finishing most of the contracted work. This occurred at 416 West 10th Street in the City of Erie.

---

[1] 73 P.S. § 517.8(a)(2).

N.T., Guilty Plea Hearing, 10/3/18, at 16. Baideme agreed that his plea agreement included that he pay $10,900 in restitution, forfeit his contractor's license, and cease to work as a contractor. *Id.* at 11. In exchange for this plea, the Commonwealth agreed to *nol. pros.* the remaining charges. *Id.* While the Commonwealth did not recommend a sentence at the guilty plea hearing, it informed Baideme that "[i]f the Commonwealth agrees to make a sentencing recommendation on your behalf, the Judge will not be bound by this recommendation[.]" *Id.* at 6.

At sentencing in December 2018, defense counsel referenced emails between himself and the prior assistant district attorney ("ADA") who handled the case, ADA Trent. The emails are not in the certified record. ADA Trent left the District Attorney's Office in April 2018 and the case was reassigned to ADA Burns. N.T., Sentencing, 12/5/18, at 8; Com. Motion for Continuance of Trial, filed 5/1/18, at ¶ 3.

Defense counsel stated at the sentencing hearing that ADA Trent had agreed in the emails to recommend "that these sentences would run concurrently to any other sentence that he's currently serving." N.T., Sentencing, 12/5/18, at 7-8. Counsel stated that this recommendation was conveyed to Baideme before he pled guilty. *Id.* at 9. ADA Burns responded that before Baideme's plea, he had assumed charge of the case and had informed defense counsel via email that "I would not specifically ask for consecutive sentences." *Id.* at 12. This email also is not in the certified record.

Defense counsel then argued, "Mr. Baideme has held up his end of the deal that was originally proposed by [ADA] Trent[.]" *Id.* at 9. However, the court concluded that "if the deal was disavowed before the plea is done, then there's no deal[,]" and that here "[the deal] was revoked before [Baideme] accepted it." *Id.* It also noted that "[a] Commonwealth's attorney's power to bind an attorney vanishes the moment he leaves or it's disavowed." *Id.*

Before imposing sentence, the trial court acknowledged that it received several letters from individuals on behalf of Baideme. *Id.* at 22. The court also heard testimony from the victim and from Baideme. It then sentenced Baideme to 10 to 20 months' incarceration.

Baideme then sent the trial court two letters addressed to defense counsel, and asked the court to forward them to counsel. The first letter asked counsel to "file a sentence modification and, also a[n] appeal. *Pro Se* Letter, filed 12/6/18.[2] The second letter again asked counsel to file his "sentence modification and appeal," and stated that he believed he was eligible for the Recidivism Risk Reduction Incentive program ("RRRI"). *Pro Se* Letter, filed

---

[2] This letter reads:

> I'm asking if you can file a sentence modification and, also a[n] appeal because of docket of 549 of 2018 of the reasoning of the statu[t]e of limitations and, the emails between you and Jared Trent and the proposal of a plea bargain of a concurrent sentence agreed upon from both parties.

*Pro Se* Letter, docketed 12/6/18.

12/12/18.[3] The trial court sent the letters to counsel, but nothing in the certified record indicates that counsel filed a post-sentence motion.

Baideme also filed a *pro se* letter with the court arguing that he was eligible for the Recidivism Risk Reduction Incentive program ("RRRI") and asking the court to amend the sentencing order. **See** *Pro Se* Letter, filed 12/12/18. The court denied this request, concluding that Baideme was RRRI ineligible because of a prior conviction. **Id.**[4] This timely appeal followed.

Baideme raises one issue: "Whether [Baideme's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" Baideme's Br. at 3.

We review a challenge to the discretionary aspects of sentence for an abuse of discretion. **Commonwealth v. Smith**, 206 A.3d 551, 567 (Pa.Super. 2019). Before we address the merits of such a challenge we must determine:

_____

[3] This letter reads:

> I'm writing to you to please file my sentence modification and appeal on my sentence on December 5, 2018.
>
> Please add to the sentence modification that I believe I'm recidivism, risk, reduction, incentive (RRRI) eligible and that, I'm not a risk to public safety. Also, anything else you may add to it.
>
> The appeal is that there's statu[t]e of limitations on docket 549 of 2018. Also, anything else you might add.

*Pro Se* Letter, docketed 12/12/18.

[4] The court denied the request by a handwritten note on the letter stating, "The request for RRRI eligibility is denied. The defendant's prior assault conviction makes him ineligible."

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [702]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted) (alteration in **Moury**).

Here, Baideme failed to preserve his claim by raising it in a post-sentence motion or by objecting at the sentencing hearing. **See Commonwealth v. Padilla-Vargas**, 204 A.3d 971, 975-76 (Pa.Super. 2019) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."). Though he filed a *pro-se* letter with the court requesting that his sentencing order reflect his RRRI eligibility, that is not the issue that he presents to this Court. We also note that the trial court should have forwarded the letter to counsel instead of ruling on the request. **See** Pa.R.Crim.P. 576(A)(4).[5] Because Baideme failed to preserve his issue in a

---

[5] Pennsylvania Rule of Criminal Procedure 576(A)(4) provides:

In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the

post-sentence motion or at the sentence hearing, he has waived review of his sentencing issue. Nonetheless, had this claim been preserved below, and assuming Baideme has presented a substantial question, we would reject this issue for lack of merit.

Baideme claims that the trial court imposed an excessive sentence because "it failed to give due weight to the mitigating factors" and "failed to consider the agreement [Baideme] previously had with the Commonwealth wherein concurrent sentences would be recommended." Baideme's Br. at 7. The record belies these arguments.

Because the court reviewed the presentence investigation report ("PSI"), we presume that it was aware of the mitigating factors. *See*

***Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa.Super. 2016) (stating that where court has benefit of PSI, this Court presumes that trial court "was aware of the relevant information regarding the defendant's character and … mitigating statutory factors.").

Additionally, the court stated that it considered all the following in fashioning Baideme's sentence:

> I've considered the Pennsylvania Sentencing Code, the presentence report, the guidelines; I've looked at the statements of [Baideme], defense counsel, Attorney for the Commonwealth, the victims here, the victim statement - - impact statements,

---

> defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

some of which are attached; and I've considered the nature of the - - and circumstances of these various offenses, their pattern; and the protection of the community.

N.T., Sentencing, at 59. Thus, the court considered Baideme's mitigating evidence and simply did not give it the weight that Baideme desired.

Furthermore, the parties at best agreed to a sentencing recommendation; there was no agreement as to the sentence. *See* N.T., Guilty Plea Hearing, at 6 (court explaining to Baideme that it is not bound by parties' agreement for sentencing recommendation). Though the previous prosecutor and Baideme's counsel may have at one point agreed to a recommendation for concurrent sentences, by the time of the plea hearing, ADA Burns had taken over the case and had informed counsel that he would not recommend a consecutive sentence. It also bears pointing out that at the plea hearing Baideme agreed that the only agreement for the plea was that the Commonwealth would *nol. pros.* the remaining charges. *See* N.T., Guilty Plea Hearing, at 11; Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, dated 10/3/18, at ¶ 5.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/26/2019

- 7 -