J-S64038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALLEN KOUGHER | : | |
| | : | |
| Appellant | : | No. 1073 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 3, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001180-2017

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 FILED DECEMBER 10, 2019

Todd Allen Kougher (Kougher) appeals nunc pro tunc from the judgment of sentence imposed by the court of common pleas of Mercer County (trial court) following his entry of a plea of nolo contendere to one count of statutory sexual assault.[1] Kougher challenges the discretionary aspects of his sentence. We affirm.

On March 12, 2018, Kougher entered the above-mentioned plea. The conviction arose from his engagement in sexual intercourse with a fifteen-year-old girl while he was thirty-five years old. The trial court sentenced him

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3122.1(b).

to a term of incarceration of not less than forty-eight months nor more than ten years on July 3, 2018.[2]  Kougher did not file a post-sentence motion or direct appeal.  Following his filing of a PCRA petition,[3] the PCRA court entered an order reinstating Kougher's post-sentence and direct appeal rights on June 25, 2019.  He did not file any post-sentence motions but timely appealed, and he and the trial court complied with Rule 1925.  See Pa.R.A.P. 1925(a)-(b).

As previously noted, Kougher challenges the discretionary aspects of his sentence.  He argues that the trial court ignored several mitigating factors in his background, specifically, that he owned his own business; that he was not designated an SVP; and that although he had several prior convictions, he had not been involved in a criminal incident for eight years, with the most serious prior offense being terroristic threats.  (See Kougher's Brief, at 7-9).  However, we agree with the trial court that this issue is waived.  (See Trial Court Opinion, 8/30/19, at 3-5).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Conte, 198 A.3d 1169, 1173 (Pa. Super. 2018), appeal denied, 206 A.3d 1029 (Pa. 2019) (citation omitted).  "An appellant must

_____

[2] The Pennsylvania Sexual Offender Assessment Board found that Kougher is not a sexually violent predator (SVP).

[3] See Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. (citation omitted). "We conduct this four-part test to determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review." Id. (citation omitted).

It is well-settled that objections to the discretionary aspects of a sentence are waived if a defendant does not raise them at the sentencing hearing or in a post-sentence motion. See Commonwealth v. Padilla-Vargas, 204 A.3d 971, 976 (Pa. Super. 2019); see also Pa.R.A.P. 302(a). Moreover, as the trial court pointed out, once his post-sentence and appellate rights were reinstated by the PCRA court, Kougher was required to file within ten days of the reinstatement of those rights a post-sentence motion to raise any challenge to his sentence. See Pa.R.Crim.P. 720. Because Kougher never raised the issue of the court's lack of consideration of mitigating factors at sentencing or in a post-sentence motion, it is waived.[4]

_____

[4] Moreover, the record reflects that a pre-sentence investigation report was prepared in this case. (See N.T. Sentencing, at 10). In cases where "the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors."

Judgment of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn, Esq.*
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2019

---

Commonwealth v. Johnson, 125 A.3d 822, 827 (Pa. Super. 2015) (citation omitted).

Further, the notes of testimony from the sentencing hearing demonstrate that the trial court did consider mitigating factors in formulating its sentence, including Kougher's work history and period of no criminal activity. (See N.T. Sentencing Hearing, at 8-14). However, the court also noted that Kougher had an extensive criminal record, that one of his juvenile offenses was for sexual assault, and that the court needed to protect the community. (See id. at 12, 14).