J-S33036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES DALLAS D GREEN | : | |
| | : | |
| Appellant | : | No. 2069 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002204-2019

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:             **FILED DECEMBER 28, 2022**

Charles Dallas D Green ("Green") appeals from the judgment of sentence imposed after he pleaded guilty to third-degree murder, robbery, and possessing an instrument of crime ("PIC").[1]  We affirm.

On the morning of March 7, 2019, Green and Michael Warren ("Warren") got into a fight at a subway station.  During the altercation, Green chased and fatally stabbed Warren.  Police arrested Green shortly after the stabbing, and he later gave statements admitting that he and Warren had fought over money that Warren owed him.  Green entered open guilty pleas to the above-mentioned offenses, and on September 8, 2021, the trial court sentenced him to eighteen and one-half to thirty-seven years of incarceration for third-degree murder, a consecutive nine and one-half to nineteen years of incarceration for

---

[1] **See** 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i), 907(a).

robbery, and no further penalty for PIC.[2]  Green did not file a post-sentence

motion,[3] but timely appealed.  Both he and the trial court complied with

Pa.R.A.P. 1925.

Green raises the following issue on appeal:

Whether the court's sentencing was inconsistent with the Sentencing Code[,] 42 Pa.C.S.[A. §] 9721(b) and/or contrary to the fundamental norms which buttress the sentencing process?

Green's Brief at 5.

Green's issue presents a challenge to the discretionary aspects of his

sentence.  A challenge to the discretionary aspects of a sentence does not

entitle an appellant to review as of right.  *See Commonwealth v. Moury*,

992 A.2d 162, 170 (Pa. Super. 2010).  Rather, such a challenge must be

---

[2] Green's prior record score was "RFEL" and the sentences for robbery and third-degree murder were on the low-end of the standard range minimum sentences called for by the deadly weapon used matrix.  *See* Commonwealth's Sentencing Memorandum, 9/1/21, at 3.

[3] Green apparently filed a document five days after sentencing, and the trial court regarded that document as a post-sentence motion.  *See* Trial Court Opinion, 1/24/22, at 3.  However, the document appears to be a copy of a *pre-sentencing* memorandum because it was dated September 7, 2021, one day before sentencing, and contained a recommended sentence without stating the sentence imposed by the trial court.  *See* Memorandum of Law, filed 9/13/21, at 1-2.  Green's counsel, who had signed the memorandum of law and filed the appeal, did not reference a  post-sentence motion.  Rather, Green's counsel suggests that after sentencing, Green filed the document of law *pro se*, *see* Green's Brief at 7, which would render the filing a legal nullity. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (noting that we "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities") (internal citation omitted).  Under these circumstances, we conclude that Green did not timely file a post-sentence motion.

considered a petition for permission to appeal. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). Before reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (internal citation and brackets omitted). The failure to object to a sentence at the hearing or in a post-sentence motion waives a challenge to the discretionary aspects of a sentence. *See Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975-76 (Pa. Super. 2019). Further, if the appellant fails to include a Rule 2119(f) statement in his brief, and the Commonwealth objects, this Court cannot review the issue. *See Commonwealth v. Dawson*, 132 A.3d 996, 1005 (Pa. Super. 2015).

Following our review, we conclude that Green waived his issue challenging the discretionary aspects of his sentence. Green did not file a proper post-sentence motion preserving his claims. *See Padilla-Vargas*, 204 A.3d at 975-76; *see also* footnote 2, *supra*. Moreover, Green's brief does not contain a separate Rule 2119(f) statement, and the Commonwealth has objected to this omission. *See Dawson*, 132 A.3d at 1005; *see also* Commonwealth's Brief at 5. Accordingly, as we are precluded from reviewing

- 3 -

the merits of Green's sole issue in this appeal, we affirm the judgment of sentence. **See Dawson**, 132 A.3d at 1005.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2022