J-S34015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                :               PENNSYLVANIA
                                                  :
            v.                                       :
                                                  :
                                                  :
ALEX ALTEN JOHNSON                         :
                                                    :
          Appellant                      :    No. 36 WDA 2024

Appeal from the Judgment of Sentence Entered July 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005086-2022

BEFORE:    DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:              **FILED: OCTOBER 10, 2024**

Appellant, Alex Alten Johnson, appeals from the July 20, 2023 judgment of sentence of 9 to 18 years of incarceration entered in the Allegheny County Court of Common Pleas following his guilty plea to Homicide by Vehicle and other related offenses. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On October 30, 2021, Appellant caused a two-car accident that resulted in one fatality and multiple injuries. The Commonwealth charged Appellant with numerous offenses as a result of the accident.

On April 24, 2023, Appellant entered an open guilty plea to Homicide by Vehicle, three counts of Aggravated Assault by Vehicle, Driving Under the

_____

[*] Former Justice specially assigned to the Superior Court.

Influence ("DUI")—Highest Rate of Alcohol, Maximum Speed Limits, and Traffic-Control Signals.[1, 2]   The trial court deferred sentencing pending preparation of a pre-sentence investigation ("PSI") report.

On July 20, 2023, the trial court held Appellant's sentencing hearing. Following its consideration of the PSI report, an updated PSI report, a drug and alcohol assessment, a mitigation report prepared by the Public Defender, argument of counsel, the sentencing guidelines, statements from Appellant and his family, and victim impact statements, the court sentenced Appellant to an aggregate term of 9 to 18 years of incarceration, comprised of 3 to 6 years of incarceration for Appellant's Homicide by Vehicle conviction and consecutive 2 to 4 years of incarceration for each of his Aggravated Assault by Vehicle convictions, followed by 7 years of probation.[3, 4]   The court also ordered Appellant to comply with the recommendations from the drug and alcohol evaluation.   In response to Appellant's inquiry, the court explained that it imposed the sentences to run consecutively because it "believe[d] that every victim deserves their own sentence." N.T. Sentencing Hr'g, 7/20/23, at 76.

_____

[1] 75 Pa.C.S. §§ 3732(a), 3732.1(a), 3802(c), 3362(a)(1), and 3112(a)(3)(ii).

[2] At the same time, Appellant also pled guilty at a separate docket number to Resisting Arrest.

[3] These sentences fall within the standard range of the sentencing guidelines.

[4] The court also imposed a concurrent sentence of 3 to 6 days of incarceration for Appellant's DUI conviction and no further penalty for the summary motor vehicle convictions.

On July 28, 2023, Appellant filed a motion to modify sentence alleging that his sentence was excessive because the court failed to properly consider Appellant's rehabilitative needs, the protection of the public, and the gravity of the offense, relied too heavily on Appellant's unrelated prior criminal conduct, and disregarded "numerous mitigating factors."[5]  Motion, 7/28/23, at ¶¶ 10-11, 13.  He asserted that the court "considered the crime itself as an aggravating circumstance, despite the crime already being considered by the guidelines," and did not individualize his sentence as evidenced by the court's statement "regarding the necessity for separate sentences for each victim." *Id.* at ¶¶ 12-13.  The trial court denied Appellant's motion on November 27, 2023.

This timely appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the trial court abuse its discretion by imposing a manifestly excessive sentence that focuses solely on victim impact, did not state adequate reasons on the record, and was not individualized, in violation of 42 Pa.C.S. § 9721(b)?

Appellant's Brief at 8.

---

[5] The mitigating factors cited by Appellant include his "unmatched" remorsefulness, his empathy for the victims, and his desire to open a community center, and that he is a good father to 9 children, has a supportive family who spoke about his positive character traits at the sentencing hearing, and that he had a difficult upbringing.  Motion, 7/28/23, at ¶ 16.

**A.**

Appellant raises a challenge to the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentence are not appealable as of right." ***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 975 (Pa. Super. 2019). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S § 9781(b). ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015).

In regard to the fourth criteria, "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Summers***, 245 A.3d 686, 692 (Pa. Super. 2021) (citation omitted).

Appellant timely filed a notice of appeal, preserved his claims that the court focused solely on the victims' impact statements and failed to impose

an individualized sentence in a post-sentence motion,[6] and included a Rule 2119(f) statement in his brief. We, thus, consider whether Appellant has raised a substantial question for our review.

Appellant asserts that the trial court abused its discretion in "imposing an unduly harsh aggregate sentence that focused solely on victim impact, and failed to consider [Appellant's] character and rehabilitative needs," and in not individualizing his sentence "as the only rationale it gave addressed victim impact." Appellant's Brief at 21. These claims raise a substantial question. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (claims that the trial court failed to consider Section 9721(b) factors and instead focused solely on the injuries suffered by the victims raises a substantial question); *Commonwealth v. Rush*, 162 A.3d 530, 544 (Pa. Super. 2017) (a claim that the trial court failed to consider the defendant's individualized sentencing needs raises a substantial question). Accordingly, we proceed to address the merits of Appellant's claims.

**B.**

Turning to the merits of Appellant's sentencing challenge, this Court has repeatedly observed that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on

---

[6] Our review of the record, however, indicates that Appellant raised the allegation that the court failed to state adequate reasons on the record justifying his sentence for the first time in his Rule 1925(b) statement. Accordingly, he has waived this claim. *See Padilla-Vargas*, 204 A.3d at 976; Pa.R.A.P. 302(a).

appeal absent a manifest abuse of discretion." **Commonwealth v. Bowen**, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

In sentencing a defendant, a trial court should consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When the sentencing court has the benefit of a pre-sentence investigation report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing the sentence. **Commonwealth v. Sexton**, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted); **see also Commonwealth v. Bankes**, 286 A.3d 1302, 1307 (Pa. Super. 2022) ("[w]here the sentencing court imposes a standard-range sentence with the benefit of a presentence report, [the appellate court] will not consider the sentence excessive").

We defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." **Summers**, 245 A.3d at 696 (citation omitted). Instead, our

"review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776-77 (Pa. Super. 2009).

Appellant argues that the trial court abused its discretion and imposed an excessive aggregate sentence by failing to consider his personal history, character, and individualized needs. Appellant's Brief at 27-37. He claims that the court "wholly ignored the mandate of [Section] 9721(b) because the brief statement it gave at sentencing only addressed the victim impact, and completely omitted reference to [Appellant's] character and rehabilitative needs." *Id.* at 28. Appellant also asserts that the court "failed to evince consideration of copious mitigating evidence as well as [Appellant's] personal history and rehabilitative needs." *Id.* at 30. He, therefore, concludes that his sentence "was not individualized in violation of the fundamental norms governing sentencing in Pennsylvania." *Id.*

Following our review, we discern no abuse of discretion by the trial court. The notes of testimony from the sentencing hearing reflect that the court was aware of, and took into account, the numerous mitigating factors presented by Appellant, when fashioning his sentence. The sentencing judge, who also presided over the guilty plea hearing, indicated that he had reviewed both the PSI and updated PSI reports. We, thus, presume that the court considered and weighed Appellant's background and character, along with mitigating statutory factors when imposing his standard-range sentence.

Moreover, the court expressly stated that it had reviewed and considered the mitigation report prepared by the Public Defender, all the testimony and exhibits presented during the sentencing hearing, all the appropriate sentencing factors, and the sentencing guidelines for each offense, and noted that Appellant had already had a drug and alcohol assessment. N.T. Sentencing Hr'g at 72-73. The court also evinced consideration of Appellant's rehabilitative needs when it ordered him to comply with the recommendations from the drug and alcohol evaluation. ***Id.*** at 73.

Thus, after careful review of the record, we conclude that the sentence imposed by the trial court was not manifestly unreasonable and the court did not abuse its discretion in imposing it. We, therefore, affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/10/2024