J-S19024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY DYLAN LYNN-PHIPPS | : | |
| | : | |
| Appellant | : | No. 2642 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 10, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0001753-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY DYLAN LYNN PHIPPS | : | |
| | : | |
| Appellant | : | No. 2643 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 10, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0000017-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY D. PHIPPS | : | |
| | : | |
| Appellant | : | No. 2644 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 10, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0001702-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |  |
|---|---|---|---|
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| CODY PHIPPS | : | | |
| | : | | |
| Appellant | : | No. 2645 EDA 2024 | |

Appeal from the Judgment of Sentence Entered May 10, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0003134-2022

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CODY DYLAN PHIPPS | : | |
| | : | |
| Appellant | : | No. 2646 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 10, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0002070-2022

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 2, 2025**

Appellant, Cody Dylan Lynn Phipps, appeals from the judgments of sentence imposed by the Court of Common Pleas of Bucks County on May 10, 2023.[1]  He challenges the denial of his pre-sentence motions to withdraw his guilty plea.  Upon review, we reverse the conviction at docket CP-09-CR-1753-2022, vacate the judgments of sentence, and remand for resentencing.

_____

[1] Appellant's direct appellate rights were reinstated on August 30, 2024.

On November 16, 2022, Appellant pleaded guilty to five counts of aggravated assault, four counts of receiving stolen property, three counts of resisting arrest, two counts of theft by unlawful taking, two counts of disorderly conduct, two counts of criminal mischief, and one count of burglary, unauthorized use of a motor vehicle, escape, simple assault, criminal trespass, and public drunkenness across five dockets. Appellant completed a written guilty plea colloquy, and the trial court conducted an oral colloquy on the record. Sentencing was deferred for a presentence investigation ("PSI").

On December 2, 2022, defense counsel filed a petition for the appointment of private counsel, citing a conflict of interest within the public defender's office.[2] The trial court granted the petition and appointed Niels Eriksen, Esquire, to represent Appellant. On March 10, 2023, Attorney Eriksen, at Appellant's request, filed a motion to withdraw his guilty plea on each docket and claimed he was innocent of all charges.[3] The motion noted Appellant expressed his desire to withdraw his pleas in January 2023, but followed counsel's advice to await the completion of the PSI before filing the motion.

A hearing was held on Appellant's motions on April 18, 2023. At the hearing, in addition to claiming innocence, Appellant asserted, for the first

---

[2] Specifically, defense counsel averred that the public defender's office was actively representing a potential Commonwealth witness against Appellant.

[3] Initially, counsel filed one motion for all dockets. After a status conference, Appellant was directed to file a motion on each docket, to which the Commonwealth filed responses.

time, that he was pressured into taking the pleas by his initial trial counsel. N.T. Hearing, 4/18/23, at 8-9. After the first case, Appellant became agitated that his counsel would not play a portion of an officer's body camera footage in support of his innocence claim. *Id.* at 23. He claimed counsel was ineffective and requested new counsel. *Id.* After some back-and-forth, Appellant expressed he was not going to participate in the hearing and voluntarily left the courtroom leaving defense counsel to conduct the remainder of the hearing without Appellant's presence. *Id.* at 30, 36. The trial court denied Appellant's motions and scheduled a date for sentencing. *See id.* at 23, 40, 42, and 44. On May 10, 2023, Appellant was sentenced to an aggregate term of 7 to 18 years' imprisonment, followed by 14 years of consecutive probation. Appellant filed a post-sentence motion to reconsider his sentence, sought a new trial, and requested appointment of new counsel. The court appointed new counsel (William Craig Penglase, Esquire) and denied the remainder of Appellant's requests. No direct appeal was filed.

On April 29, 2024, Appellant filed a *pro se* petition for collateral relief and sought reinstatement of his direct appeal rights pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Counsel was appointed and his direct appeal rights were reinstated on August 30, 2024. This appeal followed. Appellant raises a sole question for our review:

> Did the trial court err in denying the motion to withdraw guilty plea that was filed . . . on March 13, 2023, and after a hearing on April 18, 2023, when [Appellant] promptly notified the court and new counsel (Niels Eriksen, Esquire), the Commonwealth was not

- 4 -

prejudiced by this request, and [Appellant] made claims of colorable innocence?

Appellant's Brief, at 11.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion:

> Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal and that discretion is to be liberally exercised to permit withdrawal of the plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea and 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth.
>
> A plausible [or colorable] claim of innocence, supported by some facts or evidence in the record, constitutes a fair and just reason for allowing pre-sentence withdrawal of a guilty plea. Where, however, the defendant merely makes a bare assertion that he is innocent without any proffer of any supporting basis for that claim, the trial court in its discretion may deny withdrawal on the ground that the defendant has not shown a fair and just reason for withdrawal of the plea.

***Commonwealth v. Jamison***, 284 A.3d 501, 505 (Pa. Super. 2022) (citations omitted). The fact that a claim of innocence may fail at trial is not a valid ground for denying a motion to withdraw plea. ***Commonwealth v. Islas***, 156 A.3d 1185, 1192 (Pa. Super. 2017). We will address each of Appellant's cases in turn.

2642 EDA 2024 / CP-09-CR-1753-2022

On this docket, Appellant pleaded guilty to theft by unlawful taking, receiving stolen property, unauthorized use of a motor vehicle, and escape based on the following allegations:

- 5 -

On March 2, 2022, at approximately 9:59 pm, Bristol Township Police were called to Lower Bucks Hospital for the theft of an ambulance. Appellant, who had been a patient brought into the hospital, had walked away from paramedics, unlawfully entered the ambulance, and unlawfully [drove] away. Appellant had been arrested earlier in the evening and had stated he needed medical attention, which led to his transport to the hospital. Paramedics noted that he had begun to act 'normally' once away from the police.

Trial Court Opinion, 11/25/24, at 12-13 (citations to record omitted).[4]

Appellant asserted his innocence and argued that there was no evidence to show his intent to deprive the hospital of the ambulance because it was found approximately one hour after it had been stolen on the side of the road, undamaged and with the keys inside. *See* N.T. Hearing, 4/18/23, at 40. The Commonwealth responded that surveillance video showed Appellant entered the hospital on a stretcher, got off the stretcher and walked out of the hospital on his own accord and straight into the ambulance. *Id.* at 41. The paramedics who brought Appellant to the hospital identified him on video as the person who stole the ambulance. *Id.*

"A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with **intent to deprive** him thereof." 18 Pa.C.S.A. § 3921(a) (emphasis added). Deprive is defined in our Crimes Code:

(1)   To withhold property of another permanently or for so extended a period as to appropriate a major portion of its

_____

[4] Appellant was only sentenced on the theft by unlawful taking conviction. There was no further sentence on the remaining charges.

> economic value, or with intent to restore only upon payment of reward or other compensation; or
>
> (2)    to dispose of the property so as to make it unlikely that the owner will recover it.

18 Pa.C.S.A. § 3901 (definitions).  "As intent is a subjective frame of mind, it is [difficult to prove by direct evidence]."  *Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975 (Pa. Super. 2019).  "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances."  *Id.*

Although the surveillance video proves that Appellant is the individual who took the ambulance, it does not necessarily prove that Appellant had the intent to deprive the hospital of its ambulance.  To sustain a conviction for theft by unlawful taking, one of the two above definitions of "deprive" must be met.  Instantly, the record does not support a finding that Appellant kept the ambulance permanently or for an extended period as to decrease its economic value.  Thus, the only other question is whether Appellant's actions evinced an intent "to dispose of the [ambulance] so as to make it unlikely that the owner will recover it."  18 Pa.C.S.A. § 3901(2).

In *Commonwealth v. Brown*, 460 A.2d 1155 (Pa. Super. 1983), during the course of a prison escape, the defendant broke into a cabin, put on a green jacket, wrapped his feet with gauze bandages found in the cabin, and took some cereal.  *Id.* at 1157.  On appeal, the defendant argued that he did not intend to deprive the owner of the green jacket.  *Id.* at 1160.  Rather, he was wearing it when he jumped out the window after the owner arrived.  *Id.*

This Court concluded that "the jury was entitled to conclude that the manner in which appellant left the cabin and the fact that he was then in the course of a prison escape made it unlikely that the owner would recover the jacket[.]" *Id.*

Conversely, in ***Commonwealth v. Frasier***, 2020 WL 1490937 (Pa. Super. 2020) (unpublished memorandum)[5], after a domestic incident, the defendant took the victim's cell phone, carried it a distance away, put it on the pavement of a parking lot, and called the victim's aunt to retrieve the cell phone. *Id.* at *1-2. On appeal, we concluded that the Commonwealth failed to prove an intent to deprive the victim because he called the victim's aunt and told her where to retrieve the cell phone. *Id.* at *5.

Here, the evidence of record is that the ambulance was recovered one hour after Appellant stole it. It was abandoned on the side of the road, undamaged, with the keys inside. Acknowledging the liberal standard of granting pre-sentence motions to withdraw, we conclude that Appellant has raised a plausible claim that he did not have the intent to deprive the hospital of the ambulance under either definition of "deprive" under the crime of theft. While Appellant may not ultimately succeed at trial, that is not a basis to deny the motion.

---

[5] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

2643 EDA 2024 / CP-09-CR-17-2022

On this docket, Appellant pleaded guilty to four counts of aggravated assault, two counts of resisting arrest, receiving stolen property, disorderly conduct, criminal mischief, and public drunkenness, based on the following allegations:

> On September 14, 2021, the Bristol Township Police Department responded to a woman overdosing near the Hammock Hotel in Levittown, PA. The woman identified Appellant [as the person she was using drugs with], who had just left the scene. Police were informed that a man matching his description had abandoned a blue Honda Civic on the roadway. When police tried to detain Appellant, he resisted, spitting at officers and biting two of them. Appellant was taken to the hospital, after being suspected of using narcotics, where he also bit emergency medical personnel.

Trial Court Opinion, 11/25/24 at 10 (citations to record omitted).[6]

Appellant asserted his innocence and argued that the officers who took him into custody used excessive force, and that he acted in self-defense toward the officers. N.T. Hearing, 4/18/23, at 8. In support, Appellant claimed that the only video footage that existed showed officers using excessive force against him once he was handcuffed and placed in the back of a patrol vehicle. *Id.* at 11. Appellant also requested defense counsel to play a portion of an officer's body camera to support his innocence claim. *Id.* at 23. After a brief discussion, the trial court elected not to review the requested body camera footage, sharing the Commonwealth's concern that showing only

---

[6] Appellant was sentenced on the four counts of aggravated assault and one count of receiving stolen property. No further sentence was imposed on the remaining counts.

one camera would not provide the full context of what occurred at the time of Appellant's arrest. *Id.* at 26-28. The Commonwealth noted that the incident involved approximately 10 different officers with body cameras and was several hours in length. *Id.*

In denying Appellant's motion, the trial court reasoned:

As a general principle, there is no justification for resisting arrest. ***Commonwealth v. Biagini***, 665 A.2d 492, 499 (Pa. 1995) (quoting ***Commonwealth v. French***, 611 A.2d 175, 179 (Pa. 1992)). The only circumstance under which the law will find that an arrestee's use of force in self-defense was justified is when the arrestee reasonably believed that such force was immediately necessary to protect against an arresting officer's unlawful use of force which was capable of causing death or serious bodily injury. *Id.* This justification does not extend to resisting arrest in general, but is limited to those rare instances where the arrestee perceives an imminent threat from excessive or unlawful deadly force used by the officer. *Id.*

Appellant here has failed to provide evidence that the arresting officers used excessive force or that he had a reasonable believe that the force being used by the officers was capable of causing death or serious bodily injury. Accordingly, his proffered claim of innocence is implausible.

Trial Court Opinion, 11/25/24, at 10-11. We discern no abuse of discretion. Appellant has not set forth a fair and just reason for withdrawing his plea as the trial court correctly pointed out that there is no justification for resisting arrest. *See Biagini*, 655 A.2d at 500 (there is no right to resist an arrest, lawful or unlawful).

Appellant also asserted in his motion that he did not have the specific intent to commit the crimes because he was under the influence of a controlled substance. The trial court denied Appellant's motion on this basis noting that

voluntary intoxication is not a defense to aggravated assault. *Id.* at 11. We agree. *See* 18 Pa.C.S.A. § 308 ("Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence . . . may be offered . . . whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.").

Accordingly, no relief is due on this claim.

2644 EDA 2024 / CP-09-CR-1702-2022

On this docket, Appellant pleaded guilty to one count of receiving stolen property, based on the following allegations:

> On March 3, 2022, the same date of the Cooper Electric burglary and related crimes, at approximately 8:19 a.m., Peruzzi Nissan . . . reported the theft of a 2020 gray Nissan Sentra. Surveillance video showed Appellant, in a bright yellow T-shirt, approaching the soon-to-be-stolen vehicle before it was driven away. Later that date, at approximately 12:59 p.m., the stolen Nissan was found in Bristol Township, with Appellant inside, experiencing a drug overdose. Appellant was wearing a yellow T-shirt with "Cooper Electric" on it, and a white shirt underneath with "Astro Lighting" on it, the name of the former business at that location.

Trial Court Opinion, 11/25/24, at 17 (citations to record omitted).

Appellant asserted his innocence and argued that he lacked the requisite *mens rea* because he did not know that the vehicle in which he was found overdosing was stolen. N.T. Hearing, 4/18/24, at 36. The Commonwealth responded that surveillance video showed a male wearing a yellow T-shirt steal the Nissan Sentra. *Id.* at 37. Later that day, Appellant was found

overdosing in the same vehicle wearing a yellow T-shirt that matched the surveillance video. *Id.*

Appellant's claim that he did not know the vehicle was stolen is incredible, and the trial court properly denied the motion to withdraw his plea. No relief is due.

2645 EDA 2024 / CP-09-CR-3134-2022

On this docket, Appellant pleaded guilty to burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and criminal mischief, based on the following allegations:

> On March 3, 2022, at approximately 6:02 a.m., Falls Township Police responded to a reported commercial burglary at Cooper Electric . . . . Cash in the amount of $350.00, and a high-visibility yellow T-shirt with the Cooper Electric business name on it were reported stolen. Surveillance video showed Appellant unlawfully entering the business at 8:03 p.m. the night prior.

Trial Court Opinion, 11/25/24, at 16 (citations to record omitted).[7]

Appellant asserted his innocence and argued that the evidence against him was circumstantial and speculative. N.T. Hearing, 4/18/24, at 39. He contends there was no direct evidence that he was the person who entered the Cooper Electric business. *Id.* The Commonwealth responded that surveillance video showed a male enter Cooper Electric. *Id.* at 38. A yellow T-shirt and money were reported stolen. *Id.* Shortly thereafter, an individual wearing a yellow T-shirt was seen on a surveillance video stealing a Nissan

_____

[7] Appellant was only sentenced on the burglary charge. No further sentence was imposed for the remaining counts.

Sentra from Peruzzi Nissan, located next to Cooper Electric. *Id.* Several hours later, Appellant was found overdosing in the stolen vehicle wearing the Cooper Electric yellow T-shirt. *Id.* at 38-39.

Appellant's argument that the evidence against him was circumstantial and speculative is unavailing. "The Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence[.]" *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011). Appellant's bare assertion of innocence, without more, does not establish a fair and just reason which would support the withdrawal of a guilty plea. Thus, no relief is due.

2646 EDA 2024 / CP-09-CR-2070-2022

On this docket, Appellant pleaded guilty to aggravated assault, simple assault, resisting arrest, and disorderly conduct, based on the following allegations:

> On March 9, 2022, at the Bucks County Correctional Facility, Correctional Officer Robert Leopardi ("Officer Leopardi") instructed an inmate worker to collect the computer tablets from inmates, including [Appellant]. Officer Leopardi was advised that Appellant refused to return his tablet. Officer Leopardi thereupon went to Appellant's cell to retrieve the tablet, noticed the disorganized and unclean state of the cell, and instructed one of the inmate workers to sweep it. Appellant then grabbed the broom from the inmate worker and became argumentative. Officer Leopardi entered Appellant's cell to remove the broom when Appellant suddenly punched Officer Leopardi in the mouth with a closed fist.

Trial Court Opinion, 11/25/24, at 19 (citations to record omitted).[8]

Appellant asserted his innocence and contended that he did not strike Officer Leopardi, and any witness(es) alleging that he did are not credible. N.T. Hearing, 4/18/24, at 42. The Commonwealth responded that Appellant's mere denial of the alleged offense is not a fair and just reason to support the withdrawal of a guilty plea. *See id.* at 43. While there was no video footage of the incident, a second correctional officer was present and witnessed it.

Appellant's bare assertion of innocence, without more, is not a fair and just reason to support withdrawal of a guilty plea. Therefore, the trial court properly denied Appellant's motion, and no relief is due.

As our disposition reversing the conviction at CP-09-CR-1753-2022 may upset the trial court's overall sentencing scheme across all five dockets, we vacate the judgements of sentence and remand for resentencing. *See Commonwealth v. Lekka*, 210 A.3d 343, 358-59 (Pa. Super. 2019) (noting the best practice is to remand for resentencing where our disposition may upset the overall sentencing scheme of the trial court).

---

[8] Appellant was only sentenced on the aggravated assault charge. No further sentence was imposed on the remaining counts.

Conviction at CP-09-CR-1753-2022 reversed and remanded for further proceedings; all other judgements of sentence vacated and remanded for resentencing. Jurisdiction relinquished.[9]

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025

_____

[9] Appellant's claim that the plea colloquy was deficient is waived as he failed to raise it before the trial court. **See** Pa.R.A.P. 302. While Appellant filed a motion to withdraw his guilty pleas, he did so based on a colorable claim of innocence. He did not challenge the validity of the plea colloquy in his motion, nor did he raise it at the hearing on his motions to withdraw.