J-A07009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MATTHEW J. ZELINSKY | : | |
| | : | |
| Appellant | : | No. 1087 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 22, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000148-2024

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 28, 2025**

Matthew J. Zelinsky appeals from the judgment of sentence entered following his *nolo contendere* plea to driving with a suspended license and various summary offenses.  In this Court, Ashley M. Sabol, Esquire, has filed a motion to withdraw as Appellant's counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's motion and affirm.

On November 13, 2023, while he lacked insurance and his license was suspended related to his prior driving under the influence, Appellant was stopped for driving an unregistered, uninspected vehicle with a crack in the windshield and no bumper on a highway in Schuylkill County.  He was charged with the above misdemeanor and ten summary offenses.  At a plea hearing, the court informed Appellant that he faced a mandatory sentence of six to

twelve months of confinement. Attorney Sabol indicated that she was "looking to see if he's going to be eligible for house arrest." N.T. Plea, 6/11/24, at 9. The court advised Appellant that the availability of house arrest would be decided after a presentence investigation report was compiled, and Appellant acknowledged that there was no guarantee that he would receive house arrest rather than a sentence of jail time. *Id*. at 9-10. Notwithstanding this acknowledged uncertainty as to his sentence, Appellant elected to waive his right to a jury trial and entered pleas of *nolo contendere* to all charges.

At the subsequent sentencing hearing, the Commonwealth asserted that the court had "little, if any, discretion" given the applicable mandatory minimum. *See* N.T. Sentencing, 7/22/24, at 3-4. Appellant's counsel conceded that house arrest was inappropriate because he was subject to $100,000 bail in a separate Schuylkill County case that he thought was going to be dismissed, and that he also faced charges in Berks County. *Id*. at 4. Thus, the mandatory minimum sentence of jail time was "all we can do at this point." *Id*. Appellant exercised his right to allocution, bemoaning his inability to work without having a driver's license and insisting he was not a criminal for just trying to get a job. *Id*. at 6. Notably, Appellant did not express a desire to withdraw his plea before or after the court sentenced him to the mandatory six to twelve months of confinement plus fines.

Although the court advised Appellant that he had ten days to file a motion contesting his *nolo contendere* pleas or his sentence, he filed no post-

sentence motion. He did, however, timely file the instant appeal, and both he and the trial court fulfilled the requirements of Pa.R.A.P. 1925. In this Court, Attorney Sabol filed a motion to withdraw and *Anders* brief. Upon concluding that counsel did not clearly advise Appellant of his immediately right to proceed *pro se* or with retained counsel, we directed her to provide new filings clearing up the ambiguity. Counsel complied with a new motion to withdraw and letter to Appellant. Thus, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (cleaned up).

Our Supreme Court has further required the following:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer

- 3 -

to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Upon examination of counsel's motion to withdraw and *Anders* brief, we conclude that counsel has complied with the technical requirements set forth above.[1] As required by *Santiago*, counsel set forth a history of the case, referred to an issue that arguably supports the appeal, stated her conclusion that the appeal is frivolous, and cited case law. *See Anders* brief at 5-12. Therefore, we proceed to an independent review.

The sole issue arguably supporting an appeal cited by Attorney Sabol is whether Appellant's plea was knowing, intelligent, and voluntary. *See Anders* brief at 4. In this vein, it is well-settled that "[a] defendant wishing to challenge the voluntariness of a guilty [or *nolo contendere*[2]] plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa.Super. 2013) (citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i)). "Failure to employ either measure results in waiver." *Id*. at 610.

---

[1] Appellant did not file a response to counsel's petition.

[2] Our Supreme Court has explained that, "for purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty." *Commonwealth v. Norton*, 201 A.3d 112, 114 n.1 (Pa. 2019).

As detailed above, Appellant failed to timely challenge the voluntariness of his plea in the trial court. Hence, the issue is waived. **See**, **e.g.**, **Commonwealth v. Moore**, 307 A.3d 95, 99–100 (Pa.Super. 2023) ("Appellant did not file a motion to withdraw his guilty plea until after the trial court held a hearing and entered an order denying the post-sentence motion. Thus, we conclude that this claim is waived as Appellant failed to raise a timely request to withdraw his guilty plea."). As such, counsel correctly concluded that pursuing the claim in this appeal would be frivolous.[3] **See**, **e.g.**, **Commonwealth v. Cook**, 175 A.3d 345, 350 (Pa.Super. 2017) (providing that raising waived issues on appeal would be frivolous).

Additionally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues that counsel failed to address.[4] **Commonwealth v. Dempster**, 187 A.3d

---

[3] Counsel's conclusion was based not on waiver, but on a substantive examination of the plea colloquy. **See Anders** brief at 9-12. The trial court likewise opined that the plea was voluntary rather than observing that the challenge to it was waived. **See** Trial Court Opinion, 9/26/24, at 3-7. Since the claim was not preserved for review, we reject it without considering its merits.

[4] We have conducted our independent review cognizant of the fact that "upon entry of a guilty [or *nolo contendere*] plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." **Commonwealth v. Adams**, 327 A.3d 667, 669 (Pa.Super. 2024) (cleaned up). Since Appellant entered open pleas, a challenge to the discretionary

*(Footnote Continued Next Page)*

J-A07009-25

266, 272 (Pa.Super. 2018) (*en banc*).  Therefore, we affirm the judgment of sentence and grant counsel's request to withdraw.

Motion of Ashley M. Sabol, Esquire to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

*[signature: Benjamin D. Kohler]*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2025

---

aspects of his sentence was also available.  ***See***, ***e.g.***, ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159 (Pa.Super. 2017).

Here, Appellant acknowledged that the Commonwealth had proof beyond a reasonable doubt that he committed the various offenses in Schuylkill County, and did not dispute that he had two prior convictions such that the instant driving-under-suspension offense was his third.  ***See*** N.T. Plea, 6/11/24, at 12-13, 16-20.  Further, since he did not preserve a challenge to the discretionary aspects of his sentence by objecting at the sentencing hearing or raising the issue in a post-sentence motion, it is unavailable as a basis for this appeal.  ***See***, ***e.g.***, ***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 975 (Pa. Super. 2019).

- 6 -