J-S29025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONNIE MARK BOULINEAU | : | |
| | : | |
| Appellant | : | No. 81 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 18, 2024
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000628-2022

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:              **FILED: NOVEMBER 12, 2025**

Ronnie Mark Boulineau ("Boulineau") appeals from the judgment of sentence imposed following the revocation of his probation for recklessly endangering another person and simple assault.[1] Because Boulineau's claims are meritless, we affirm.

We summarize the relevant factual and procedural history from a limited certified record.[2] Boulineau pleaded guilty to the above-listed charges in April 2023. **See** Written Guilty Plea Colloquy, 4/5/23. Upon receipt of a pre-sentence investigation report ("PSI"), the trial court imposed a below-

_____

[1] **See** 18 Pa.C.S.A. §§ 2705, 2701(a)(3).

[2] Although Boulineau failed to ensure the certified record is complete, **see Commonwealth v. Bongiorno**, 905 A.2d 998, 1000 (Pa. Super. 2006), we are able to determine the merits of his claims from the existing record and decline to find waiver.

guidelines-range sentence of two years of restricted probation for reckless endangerment and two years of probation for simple assault to be served concurrently. *See* Sentence Sheet, 6/22/23.

In July 2024, Boulineau was charged with driving under the influence ("DUI"), an offense to which he subsequently pleaded guilty. *See* Boulineau's Brief at 7. The trial court found a direct violation, revoked Boulineau's probation, and imposed consecutive sentences of one to two years of imprisonment, that are within the standard range of the resentencing guidelines.[3] *See id*. at 8. Boulineau timely appealed.

Boulineau raises the following issue for our review:

> Did the [t]rial [c]ourt abuse its discretion in sentencing [Boulineau] to an aggregate period of incarceration of two . . . to four . . . years by failing to adequately consider the age, family history, education, employment history, remorse, and especially the cooperation of [Boulineau], such that the record shows that the sentence was manifestly unreasonable and a result of partiality prejudice, bias, or ill will towards [Boulineau]?

Boulineau's Brief at 6.

Our review of appeals from a sentence imposed after the revocation of probation is limited to assessing "the validity of the revocation proceedings,

---

[3] Boulineau committed his underlying offenses in October 2022. The Resentencing Guidelines, Amendment 1 (effective January 1, 2021), apply to revocations of probation for "all offenses committed on or after January 1, 2021, but prior to January 1, 2024[.]" 204 Pa. Code § 307.2(b)(2). As discussed at greater length, *infra*, the standard revocation guideline range is six to fifteen months of incarceration, *see* 204 Pa. Code § 303.17(b), so Bolineau's minimum sentences of twelve months for each offense are standard-range sentences.

the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Slaughter***, 339 A.3d 456, 464 (Pa. Super. 2025) (citation omitted). Boulineau's issue implicates the discretionary aspects of sentencing.

Our standard of review for challenges to the discretionary aspects of sentencing is well settled: "The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Id***. at 465 (quoting ***Commonwealth v. Stewart***, 327 A.3d 301, 304 (Pa. Super. 2024) (citation omitted)). An abuse of discretion is more than an error in judgment. ***See Commonwealth v. Lucky***, 229 A.3d 657, 663 (Pa. Super. 2020). To demonstrate an abuse of discretion, an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id***. The sentencing court must consider the factors set forth in Subsection 9721(b) of the Sentencing Code when imposing a sentence of total confinement after a probation revocation.[4] ***See Commonwealth v. Derry***, 150 A.3d 987, 994

---

[4] Subsection 9721(b) requires "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

(Pa. Super. 2016); ***Commonwealth v. Martin***, No. 1253 WDA 2024, 2025 WL 1704405, at \*6 (unpublished memorandum) (Pa. Super., June 18, 2025).[5]

Further, this Court has explained challenges to the discretionary aspects of sentencing are not appealable as of right; rather,

> an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.[6]

***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 975 (Pa. Super. 2019) (citation omitted; brackets in original); ***see also*** 42 Pa.C.S.A. § 9781(b).

> A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Brown***, 249 A.3d 1206, 1211 (Pa. Super. 2021) (internal citation omitted). "The determination of whether a particular issue raises a

---

[5] Pursuant to Pa.R.A.P. 126(b), we may rely on unpublished memorandum issued after May 1, 2019, for their persuasive value.

[6] Boulineau did not file a Rule 2119(f) statement. However, the failure of the Commonwealth to object to or otherwise assert the lack of a 2119(f) statement results in a waiver of the defect and permits us to review the otherwise waived discretionary sentence claim. ***See Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa. Super. 2003).

substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004).

An appellate court will not lightly disturb the trial court's sentencing judgment because the judge is in the best position to "review the defendant's character, defiance or indifference, and the overall nature of the crime." *Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (internal citation and quotations omitted).

Before we can address the merits of Boulineau's issue, we must determine whether he has preserved his challenge to the discretionary aspects of his sentence and properly invoked this Court's jurisdiction. Boulineau timely filed a post-sentence motion preserving this issue for appeal. Although Boulineau did not include a Rule 2119(f) statement in his brief, we may review his claim because the Commonwealth did not object.[7] *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004).

Boulineau's argument consists of the following statements:

The [t]rial [c]ourt abused its discretion in that the sentence imposed was unreasonable and excessive under the circumstances of the case. [Boulineau] did not previously violate any term of his probation. The [t]rial [c]ourt further failed to adequately consider the age, family history, education,

---

[7] We note with disapproval the Commonwealth did not file a brief in this case.

employment history, remorse, and especially the cooperation of [Boulineau], when fashioning the sentence imposed.[8]

* * * * *

[Boulineau] believes [the] sentence is not consistent with the record. [Boulineau] maintained a child and wife at his residence and was the sole provider for them. Furthermore, at the time of his sentence, [Boulineau] had already served nearly six . . . months in the Jefferson County Jail."

Boulineau's Brief at 10, 15 (record citations omitted).[9]

This Court has held "an excessive sentence claim[—]in conjunction with an assertion that the court failed to consider mitigating factors[—]raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2013). Therefore, Boulineau has presented a substantial question, and we will address the merits of the issue.

The Resentencing Guidelines apply to revocations of probation for all offenses committed on or after January 1, 2020. *See* 204 Pa. Code § 307(b) (7th Ed., Amend. 1). They require a court to state its reasons for revocation and the sentence imposed, and where the sentence is outside of the guidelines to explain the reason for its deviation. They provide, in relevant part:

---

[8] Boulineau fails to provide any citation to legal authority other than this Court's standard of review. Boulineau relies solely on a fact- or record-based approach and cites to no applicable precedent. *See* Pa.R.A.P. 2119.

[9] Boulineau fails to explain what portion of the Sentencing Code, if any, his sentence was inconsistent with, or contrary to, fundamental sentencing norms.

In every case in which a court of record imposes a resentence for a felony or a misdemeanor, the court shall make as a part of the record and disclose in open court at the time of resentencing, a statement of the reason of reasons for the revocation and for the resentence imposed. In every case where a court of record imposes a resentence outside the Resentencing Guidelines, the reason or reasons for the deviation from the guidelines shall be recorded on the Guideline Sentence Form, a copy of which shall be electronically transmitted to the Pennsylvania Commission on Sentencing . . . .

*See* 204 Pa. Code § 307.2(d) (7th Ed., Amend. 1).

For a technical violation resulting in the revocation of an order of probation, the resentencing guidelines shall be the same as the initial sentencing guidelines, pursuant to 204 Pa. Code Chapter 303 (relating to sentencing guidelines), with consideration given to any service of the original sentence.

***For a conviction violation resulting in revocation of an order of probation, the resentencing guidelines begin with the initial sentencing guidelines, pursuant to 204 Pa. Code Chapter 303 and increase the prior record score from the initial sentencing guidelines by one category.***

204 Pa. Code § 307.3(b)(1). (7th Ed., Amend. 1) (emphasis added).[10]

Both technical and conviction (also known as "direct") violations supported the court's revocation of Boulineau's probation; thus, the resentencing guidelines increase the prior record score from initial sentencing guidelines by one category. *See* 204 Pa. Code § 303.7(c) (7th Ed., Amend. 1). Boulineau's prior record score ("PRS") was "1," accordingly, his PRS for the purposes of the Resentencing Guidelines is "2." *See* 204 Pa. Code

---

[10] Where probation is revoked due to both a technical violation and a conviction violation, the rules governing the conviction violation apply. *See* 204 Pa. Code § 303.7(c) (7th Ed., Amend. 1).

§ 307.3(b)(1) (7th Ed., Amend. 1). The standard range minimum sentence for offenses, like Boulineau's, involving the use of a deadly weapon by a person with a PRS of "2" is six to fifteen months of imprisonment. ***See*** 204 Pa. Code § 303.17(b); 204 Pa. Code § 307.3(b)(1) (7th Ed., Amend. 1). Bolineau's minimum sentences of twelve months of imprisonment for each of his two offenses are thus guidelines-range sentences presumed reasonable absent an abuse of discretion. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted) (explaining a standard guideline range sentence "is presumptively where a defendant should be sentenced").[11] Additionally, the court "understood [Boulineau's] arguments for mercy[,]" but reasoned Boulineau's commission of a new crime made him a poor candidate for probation and required incarceration. ***See*** Trial Court Opinion, 4/2/25. We will not disturb a sentence where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion.

---

[11] We note the Resentencing Guidelines represent an alteration of the former rule "[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations[.]" ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001) (citation omitted). We also note the trial court was in possession of the Resentencing Guidelines, though we infer from the record it incorrectly referred to them as the presentence investigation report. ***See*** N.T, 6/3/25, at 2-4.

Boulineau concedes his conviction of a subsequent offense but asserts his sentence "is not consistent with the record."[12] Boulineau's Brief at 14. The court did not abuse its discretion when it considered relevant sentencing factors but weighed them in a manner inconsistent with Boulineau's wishes. *Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017). Thus, we discern no abuse of the trial court's sentencing discretion in weighing mitigating factors and imposing this standard-range resentence.[13]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/12/2025

---

[12] Boulineau asserts the DUI conviction was his first probation violation and represents he had "otherwise been compliant with the terms of his probation." Boulineau's Brief at 14. We note Boulineau was charged with four violations prior to his Gagnon II hearing, consisting of both technical violations and criminal charges. *See* Notice of Charges, 7/25/24.

[13] Boulineau emphasizes he received consecutive sentences. *See* Boulineau's Brief at 14. Even if this constituted a challenge to his receipt of consecutive sentences, it would fail. A trial court has discretion to impose consecutive sentences and is not required to provide defendants with "volume discounts." *See Commonwealth v. Zirke*, 107 A.3d 127, 133 (Pa. Super. 2014).