J-S39040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                 :
:
:
ANGEL SIMONS           :
:
Appellant      :    No. 577 EDA 2025

Appeal from the Judgment of Sentence Entered October 17, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008239-2022

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED JANUARY 5, 2026**

Angel Simons ("Simons") appeals from the judgment of sentence following his guilty plea to aggravated assault and possession of a firearm by a prohibited person.[1] Because Simons's challenge to his standard-range sentence is meritless, we affirm.

We briefly note that, in November 2022, Simons shot and wounded the victim. At the time, Simons was prohibited from possessing a firearm because of a prior conviction.

Simons entered into an open guilty plea on July 2, 2024. At sentencing, the parties and the court all agreed the standard guidelines-range sentence for persons not to possess firearms was seventy-two to ninety months of imprisonment plus or minus twelve months. The court imposed a standard-guidelines range sentence of six to fifteen years of incarceration for persons

_____

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(4), 6105(a)(1).

not to possess, and a concurrent term of two-and-one-half to five years of imprisonment for aggravated assault. *See* N.T., 10/17/24, at 23. In pronouncing sentence, the court stated it considered the presentence investigation report ("PSI"), a mental health evaluation, mitigating factors, and Simons's decades-old prior criminal history. *See id*. at 4, 6-8, 13. This timely appeal followed.[2]

Simons raises the following issue for our review:

> Did the [trial] court err by imposing a manifestly excessive and clearly unreasonable sentence where the sentence was based solely on the seriousness of the crime and the [trial] court merely paid lip service to the significant mitigation presented at the sentencing hearing?

Simons's Brief at 1.

Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court[] and will not be disturbed absent a manifest abuse of that discretion[, which] involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

***Commonwealth v. Brown***, 249 A.3d 1206, 1211 (Pa. Super. 2021) (citation omitted).

_____

[2] Here, a breakdown in court operations occurred when the clerk failed to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). *See Commonwealth v. Patterson*, 940 A.2d 493, 498-99 (Pa. Super. 2007). Thus, we decline to quash the appeal and consider Simons's substantive issue.

Further, this Court has explained challenges to the discretionary aspects of sentencing are not appealable as of right; rather,

> an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975 (Pa. Super. 2019) (citation omitted; brackets in original).

> A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process.

*Brown*, 249 A.3d at 1211 (citation omitted); *see also* 42 Pa.C.S.A. § 9781(b). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021) (citation omitted).

Simons preserved his sentencing issues in a post-sentence motion, filed a timely appeal, and included in his brief a statement of the reasons relied upon for allowance of appeal. Therefore, we consider whether he has raised a substantial question.

- 3 -

Simons's 2119(f) Statement contends the trial court failed to consider the relevant statutory factors when it sentenced him. *See* Simons's Brief at 10-14. The failure to consider the relevant statutory criteria set forth in 42 Pa.C.S.A. § 9721(b) presents a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016). Accordingly, we may consider Simons's challenge.

We consider the merits of Simons's claims mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted). When reviewing the merits of a discretionary aspects of sentencing claim, this Court must consider: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[;] and (4) [t]he guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d).

By statute, the sentence imposed should call for total confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact on the victim and on the community, and the defendant's

- 4 -

rehabilitative needs. *See* 42 Pa.C.S.A. § 9721(b). Moreover, the court is required to state the reasons for its sentence, *see id*., although it need not offer a lengthy discourse of its reasons. *See Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022).

Pennsylvania law views a standard-range guidelines sentence as appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). We may only vacate a guidelines-range sentence where it is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). In addition, when the trial court has a PSI, we presume it was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *See Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018). Finally, an appellate court will not lightly disturb the trial court's sentencing judgment as the judge is in the best position to "review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." *Id*. (internal citation and quotations omitted).

Simons asserts the lower court ignored mitigating factors because it did not explicitly mention his "fatherless childhood, his decades-long struggle with drugs, his medical problems, or his acceptance of responsibility," and instead "focused solely on the seriousness of his offense." *See* Simons's Brief at 18 (record citations omitted). Further, Simons argues the lower court failed to

show it meaningfully considered the factors Section 9721(b) required it to consider. *See id*. at 19.

The parties agreed the sentencing guidelines called for a minimum sentence of six to seven-and-one-half years for possession of firearms prohibited. *See* Trial Court Opinion, 5/19/25, at 8.[3] Because the court was in possession of a PSI, it is presumed to have considered Simons's mitigating factors. *See Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019). The court also considered the severity of the crime, including Simons's acknowledgement he "used a gun to take justice in his own hands, rather than simply call police", and his expressed desire to shoot six additional people. *See* Trial Court Opinion, 5/19/25, at 10 (record citations, quotations, and alterations omitted). The court imposed a lower-end guidelines-range sentence for Simons's convictions, to be served concurrently. *See id*. at 10-11.

The trial court did not abuse its broad sentencing discretion by imposing concurrent, standard-range guidelines sentences for Simons's convictions. As noted, we may only vacate sentences, like Simons's, that fall within the guidelines when they are clearly unreasonable. *See* 42 Pa.C.S.A.

---

[3] Simons's concurrent sentence for aggravated assault was also within the standard guidelines range, which called from a minimum sentence between twenty-seven and thirty-three months. *See* Trial Court Opinion, 5/19/25, at 8.

§ 9781(c)(2). Here, they were not. *See* 204 Pa. Code §§ 303.15, 303.16(a).[4]

Simons does not demonstrate those sentences were clearly unreasonable; therefore, we cannot disturb them. *See* 42 Pa.C.S.A. § 9781(c)(2).

Regarding Simons's assertion that the court did not consider the relevant statutory sentencing factors, we note the court is presumed to have done so where a PSI existed. Further, a court does not abuse its sentencing discretion when it considers the relevant sentencing factors but weighs them in a manner inconsistent with the appellant's wishes. *See Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017); *Commonwealth v. Raven*, 97 A.3d 1244, 1255 (Pa. Super. 2014). Thus, Simons's discretionary sentence claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2026

_____

[4] The underlying offense was committed in November 2022. Thus, the Sentencing Guidelines, 7th Edition apply, and the amendment of the Sentencing Guidelines for crimes committed on or after January 1, 2024, does not apply to this case.